Minerva Rodriguez ESPINOSA;
Ponciano Espinosa Escobar,
Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 06–71872.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2008.*

Feb. 21, 2008.

Minerva Rodriguez Espinosa, Los Angeles, CA, pro se.

Ponciano Espinosa Escobar, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER and N.R. SMITH, Circuit Judges, and KING **, Senior Judge.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

MEMORANDUM ***

Petitioners Ponciano Espinosa Escobar and Minerva Rodriguez Espinosa, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision denying their motion to reconsider the BIA's denial of their motion to reopen removal proceedings to permit them to apply for relief under the Convention Against Torture ("CAT"). Because the parties are aware of the facts of this case, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We review denials of motions to reconsider for an abuse of discretion. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004). The BIA did not abuse its discretion by denying petitioners' motion to reconsider because petitioners failed to establish that the BIA's decision to deny their previous motion to reopen was erroneous as a matter of fact or of law. *See Ma v. Ashcroft,* 361 F.3d 553, 558 (9th Cir.2004) (noting that "[a] petitioner's motion to reconsider must identify a legal or factual error in the BIA's prior decision"); *see also* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). Petitioners failed to present any additional facts or law in support of this motion.

Petitioners originally applied for CAT relief and then withdrew their application to instead apply for cancellation of removal. The applications for cancellation of removal were denied. Thereafter, petitioners filed a motion to reopen requesting that the BIA allow them to adjudicate a claim for CAT relief. We review the un-

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

derlying denial of the motion to reopen for an abuse of discretion. *See Lara–Torres,* 383 F.3d at 972. We review factual findings of the denial of relief under CAT for substantial evidence. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003). The BIA's denial of petitioners' CAT claim was supported by substantial evidence because petitioners failed to establish that they were more likely than not to suffer intentionally inflicted cruel and unusual treatment if they were to return to Mexico. *See Morales v. Gonzales,* 478 F.3d 972, 983 (9th Cir.2007). Petitioners never presented any facts establishing that they were entitled to CAT relief. *See id.*

Petitioners also failed to show that the BIA erred as a matter of law in finding that they were ineligible for CAT relief because petitioners did not present any evidence showing that their risk of torture was different than the risk shared by the Mexican population at large. *See In re J–J–,* 21 I. & N. Dec. 976, 981 (BIA 1997) (noting that an applicant had not presented evidence of materially changed circumstances because "[n]one of the new evidence submitted by the applicant shows that he is likely to suffer harm in a form different from the general population").

Further, petitioners' contention that the BIA erred as a matter of law by denying their motion to reopen as untimely is without merit. The BIA did not so rule; it clearly stated that the petitioners had filed a timely motion to reopen. The record demonstrates that the BIA denied the motion to reopen on other grounds.

**Petition for review DENIED.**